**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Criminal No. DKC-07-0172** |
| **MINH-VU HOANG, ET AL.** | * | |

* * * * * * * * * * *

**MOTION OF THANH HOANG TO SEVER DEFENDANTS**

Defendant Thanh Hoang, by and through his attorneys, James Wyda, Federal Public Defender for the District of Maryland, and Lisa W. Lunt, Assistant Federal Public Defender, hereby moves this Honorable Court to sever his trial from that of his co-defendants. In support of this request, undersigned defense counsel submits the following:

1. In a twenty-count indictment Mr. Hoang is charged with 11 counts, including Conspiracy, in violation of Title 18, United States Code section 371, Tax Evasion, in violation of Title 26, United States Code section 7201; Concealment of Assets in Bankruptcy, in violation of Title 18, United States Code section 152(1); and Money Laundering, in violation of Title 18, United States Code section 1957.

2. Undersigned counsel submits that a severance of Mr. Hoang's trial from that of his co-defendants is required under Federal Rule of Criminal Procedure 14 due to the unfair prejudice to Mr. Hoang if he and his co-defendants are tried together.

4. First and foremost is the fact that a separate trial for Mr. Hoang is necessary to avoid prejudice since Mr. Hoang's co-defendant, Minh-Vu Hoang, has given statements on several different occasions to law enforcement officers implicating Mr. Hoang, and the

government wishes to introduce evidence of these statements at a joint trial.

5. Prejudice is also likely to occur due to the refusal by at least one co-defendant, Minh-Vu Hoang, to give testimony exculpating Mr. Hoang in a joint trial due to the potential for self-incrimination.

WHEREFORE, undersigned defense counsel requests that this Honorable Court sever Mr. Hoang's trial from the trial of his co-defendants.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

____________________________________
LISA W. LUNT
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770
Bar #: 16539
Lisa_lunt@fd.org
Office: (301) 344-0600 / Fax: (301) 344-0019

**MEMORANDUM OF POINTS AND AUTHORITIES**

1.. Under Rule 14 of the Federal Rules of Criminal Procedure:

> If it appears that a defendant . . . is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. . .

2. Generally, Rule 14 requires the trial court to balance the right of an accused to a fair trial absent prejudice which may result from a joint trial against the public's interest in the efficient and economic administration of justice. *United States v. Mitchell*, 733 F.2d 327 (4th Cir. 1984); *United States v. Santoni*, 585 F.2d 667 (4th Cir. 1978).

3. Where a co-defendant's confession that inculpates a defendant is admitted at a joint trial and the co-defendant does not take the stand, a defendant is denied his constitutional right of confrontation under the Sixth Amendment. *See Bruton v. United States*, 391 U.S. 124, 126 (1968); and under such circumstances, a limiting instruction on the use of the co-defendant's confession is not sufficient protection of a defendant's rights. *Id.* at 135. Instead, as recognized by the Supreme Court in *Bruton*, 391 U.S. at 131-32, severance under Rule 14 is appropriate. *See also Cruz v. New York*, 481 U.S. 186 (1987), and Notes of Advisory Committee on Rules pertaining to Rule 14.

4. Additionally, where a co-defendant refuses to give exculpatory testimony in a joint trial due to the potential for self-incrimination, a defendant may request severance. At a motions hearing, Mr. Hoang will make the threshold showing of (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the

testimony; and (4) the likelihood that the co-defendant would in fact testify. *See United States v. Lamarr*, 75 F.3d 964, 971 (4th Cir. 1996).

//s//

LISA W. LUNT
Assistant Federal Public Defender

**REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the Defendant's Motion.

//s//

LISA W. LUNT
Assistant Federal Public Defender